# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TUFF-WALL, INC.**                                                                         **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 2:13-CV-99-KS-MTP**

**SHERWIN-WILLIAMS COMPANY**                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion for Partial Judgment on the Pleadings [16]. The Court grants the motion with respect to Plaintiff's claim for infringement of a registered mark pursuant to 15 U.S.C. § 1114, but the Court denies the motion in all other respects.

## I. BACKGROUND

This is a trademark infringement case. Plaintiff has marketed, manufactured, and sold its "Tuff-Wall" product – a ceramic wall coating applied as a paint substitute – since 2007. Plaintiff claims that its president met with Defendant's representative in 2008 to discuss placing "Tuff-Wall" in Sherwin-Williams stores, and Defendant potentially purchasing "Tuff-Wall."

In February 2010, Defendant filed an application with the United States Patent and Trademark Office for registration of the trademark "Tuff Wall." In January 2013, it announced the introduction of its "TuffWall" line of paints, which are now sold through its website and in its stores throughout the country.

Plaintiff filed this lawsuit, asserting various trademark infringement claims.

Defendant filed a Motion for Judgment on the Pleadings [16], which the Court now addresses.

## II. DISCUSSION

Rule 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The Court evaluates a "motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). Therefore, to survive a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

***A.   Count II – 15 U.S.C. § 1114***

In Count II of the Complaint [1], Plaintiff asserts claims under both 15 U.S.C. §§ 1114 and 1125(a). "The Lanham Act provides separate causes of action for infringement of a registered mark and an unregistered mark." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n. 8 (5th Cir. 2010). Section 1114 provides the cause of action for infringement of a registered mark, while Section 1125 provides the cause of action for an unregistered mark. *Id.*; *see also* 15 U.S.C. §§ 1114(1)(a)-(b), 1125(a)(1). It is undisputed that Plaintiff's "Tuff-Wall" trademark is unregistered. Therefore, the Court grants Defendant's motion as to Count II of the Complaint insofar as Plaintiff asserts a claim under 15 U.S.C. § 1114, but the Court denies it as to Plaintiff's claim under 15 U.S.C. § 1125.[1]

**B.   *Count VI – Fraudulent Registration***

In Count VI, Plaintiff claims that Defendant submitted a fraudulent application to the USPTO for the trademark "Tuff Wall," exposing it to liability under 15 U.S.C. § 1120. Plaintiff claims that Defendant certified to the USPTO that "no other person, firm, corporation, or association has the right to use the mark in commerce . . . ," despite previously discussing selling "Tuff-Wall" in its stores and possibly purchasing it.

Section 1120 provides: "Any person who shall procure registration in the Patent

---

[1]*See* 15 U.S.C. § 1114(1)(a)-(b) (any person who uses in commerce or reproduces "a registered mark" shall be liable); *Amazing Spaces*, 608 F.3d at 235 n. 8; *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000) ("15 U.S.C. § 1114 . . . provides a federal cause of action against infringement for a registrant that holds a registered trademark."); *Citizens Nat'l Bank of Meridian v. Citizens Bank of Philadelphia*, 157 F. Supp. 2d 713, 715 n. 1 (S.D. Miss. 2001).

and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120. "To succeed on a claim of fraudulent registration, the challenging party must prove by clear and convincing evidence that the applicant made false statements with the intent to deceive the licensing authorities." *Meineke Discount Muffler v. Jaynes*, 999 F.2d 120, 126 (5th Cir. 1993). If Defendant offered to purchase "Tuff-Wall" or sell it in its stores, it is reasonable to infer that it knew Plaintiff had the right to use the trademark and was using it. Therefore, Plaintiff's allegations are sufficient to state a claim under Section 1120, and the Court denies Defendant's motion with respect to Count VI.[2]

## C.   *Count VII – Cancellation of Registration*

Plaintiff requests the cancellation of Defendant's registration of the "Tuff Wall" trademark pursuant to 15 U.S.C. § 1119. Defendant argues that this claim for relief must be dismissed because there is no ground for a claim of fraudulent registration. But the Court denied Defendant's motion with respect to Plaintiff's claim for

---

[2] *Cf. King-Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F. Supp. 1138, 1166-67 (S.D. Tex. 1982) (plaintiff must establish that registrant knew others had the right to use the mark and were using it at the time of registration); *Wellpath Solutions, Inc. v. Wellpath Energy Servs., LLC*, No. 6:12-CV-286, 2013 U.S. Dist. LEXIS 44259, at *8 (E.D. Tex. Mar. 28, 2013) (where plaintiff alleged that defendants falsely submitted themselves as owner of marks when plaintiff had only granted limited permission for their use, that was sufficient to state claim under Section 1120); *Bart Schwartz Int'l Textiles, Ltd. v. FTC*, 289 F.2d 665, 48 C.C.P.A. 933, 937 (C.C.P.A. 1961) ("it is sufficient to prove that at the time of the application for registration the registrant knew that others had the right to use and were using the" mark).

fraudulent registration. It likewise denies Defendant's motion with respect to the request for cancellation.

### D.  *Counts I, IV, and V*

Defendant argues that Counts I, IV, and V – for injunctive relief, an accounting, and unjust enrichment – should be dismissed because they allege remedies, rather than causes of action. Defendant admits in briefing that these remedies are, in certain circumstances, available under the Lanham Act. Plaintiff's including them with the enumerated "causes of action" – while imprecise – is of no consequence. Defendant obviously understood Plaintiff's intention.

### III. Conclusion

For these reasons, the Court **grants in part and denies in part** Defendant's Motion for Partial Judgment on the Pleadings [16]. The Court grants the motion with respect to Plaintiff's claim for infringement of a registered mark pursuant to 15 U.S.C. § 1114, but the Court denies the motion in all other respects.

SO ORDERED AND ADJUDGED this 3rd day of March, 2014.

                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE